UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL A. JENKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>ANNE MARIE SCHUBERT, et al.,<br><br>        Defendants. | No.  2:17-cv-1005-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff filed a civil complaint and an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  ECF Nos. 1, 2.  He has also filed two motions for injunctive relief.  ECF No. 3, 5.

    His declaration in support of his application to proceed *in forma pauperis* makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).  However, that does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.  Consequently, his motion for injunctive relief must be denied.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

I. <u>Screening Pursuant to § 1915(e)(2)</u>

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff brings this action under 42 U.S.C. § 1983, asserting a number of extravagant claims against defendants Sacramento County District Attorney Ann Schubert; Sacramento County Sheriff Scott Jones; Sacramento Deputy Sheriff Ken Granrud; the Sacramento County Sheriff's Department; the County of Sacramento; the City of Sacramento; Scott Kernan, the Secretary of the California Department of Corrections and Rehabilitation; Hector Barron, interim director of the Department of Public Works for Sacramento County; and three individuals that work at an Apple store in Elk Grove, California: Armando Silva, Larry Roberts, and Kevin Hicks. ECF No. 1. The complaint alleges that unidentified police officers have engaged in a campaign of harassment and provocation of plaintiff, which he says resulted in a denial of his constitutional rights. ECF No. 1 at 7. He contends that District Attorney Ann Schubert, Sheriff Scott Jones, and Secretary Scott Kernan "are all complicit with peace officers and their agents of their responsive government agencies causing plaintiff harm and loss of protected Constitutional rights." *Id*. at 8. He claims that government agents forced him to live in a "drug house" to induce him to use drugs and to inflict suffering, misery, and a loss of constitutional rights. *Id*. He claims that the government "intercepted and obstructed [his] electronic communications in order to deny [him] his protected constitutional right to housing" and to preclude him from communicating "with single attractive women." *Id*. He contends that this deprived him of a constitutional right to marry. *Id*. at 8-9. He also alleges that he was previously employed at an Apple Store in Elk Grove, and that during his employment he was subjected to harassment, misery, and suffering. *Id*. at 9. He appears to allege that all named defendants were complicit with all conduct alleged in the complaint. *Id*.

/////

Plaintiff's allegations are too vague and conclusory, and frankly incoherent, to state a claim under section 1983 as to any of the named defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff fails to allege the specific facts that support a violation of any particular constitutional rights. He also fails to identify which defendant he believes are responsible for each violation and what acts or failures to act by such defendant, constitute such a violation. Instead, he merely states his conclusion that each defendant was complicit in the violation of his constitutional rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff's complaint fails to satisfy these requirements. Accordingly, he fails to allege a section 1983 claim against the individual defendants.

Plaintiff also fails to allege a section 1983 claim against the municipal defendants. A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under section 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d

4

950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). The complaint is devoid of any allegations establishing that plaintiff suffered a constitutional injury on account of a municipal custom or policy.

Accordingly, the complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint to allege, if he can, a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

1  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
2  comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
3  may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

4  II.   Motion for a Temporary Restraining Order

5  As discussed above, plaintiff's complaint fails to state a claim.  Necessarily, he has not
6  demonstrated a likelihood of success on the merits that could support the grant of preliminary
7  injunctive relief.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  At an
8  irreducible minimum plaintiff must establish "serious questions going to the merits" of his claims.
9  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2010).  He has not done so
10 and his motions for injunctive relief must be denied.

11 III.  Conclusion

12 Accordingly, it is hereby ORDERED that:

13 1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

14 2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

15 3. Plaintiff is granted thirty days from the date of service of this order to file an amended
16 complaint.  The amended complaint must bear the docket number assigned to this case and must
17 be labeled "First Amended Complaint."  Failure to timely file an amended complaint in
18 accordance with this order will result in a recommendation this action be dismissed.

19 Further, it is RECOMMENDED that plaintiff's requests for injunctive relief (ECF Nos. 3
20 and 5) be denied.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
26 /////
27 /////
28 /////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE